IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | |
| | ) | |
|       **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action Number** |
| | ) | **16-00022-05-CR-W-DGK** |
| **Douglas Parker,** | ) | |
| | ) | |
|       **Defendant.** | ) | |

## ORDER

Pending before the Court is the motion to sever [Doc. 92] filed on March 28, 2016, by defendant Douglas Parker ("Parker"). As set out herein, the Court denies the motion.

On February 2, 2016, Parker was charged along with ten co-defendants by a federal grand jury with multiple counts arising out of a fraudulent prescription drug distribution conspiracy. In particular, Parker and all ten co-defendants were charged in Count One of the indictment with conspiracy to distribute and possess with the intent to distribute Oxycodone in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. All of the defendants are also charged in Count Two, with conspiracy to unlawfully transfer, possess and use the means of identification of another to facilitate a drug trafficking crime in violation of 18 U.S.C. §§ 1028(a)(7), (b)(3)(A) and 1028(f). Parker is charged individually in Count Twelve with knowingly acquiring possession of a controlled substance by misrepresentation in violation of 21 U.S.C. § 843(a)(3).

Parker seeks a severance of his case from the other named defendants, arguing that he will be prejudiced because:

    (1)    Parker's alleged conduct is not related to much of the conduct charged against the other co-defendants and a jury may be unable to differentiate between the evidence against Parker as compared to the evidence against the co-defendants, and

(2) Parker anticipates that the government will seek to offer as evidence statement from co-defendants that may contain inculpatory information about Parker and he may not be able to cross-examine the co-defendants due to their Fifth Amendment rights.

Parker does not claim that joinder in this case was improper under Rule 8(b) of the Federal Rules of Criminal Procedure, but rather that Rule 14 requires severance due to the unfair prejudice resulting from a joint trial.

Rule 14 provides:

> If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). When evaluating the degree of prejudice presented in a joint trial, a court must weigh the potential for prejudice to a particular defendant caused by joinder against considerations of a judicial economy. *United States v. Anthony,* 563 F.2d 533, 538 (8th Cir. 1977). To that end, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States,* 506 U.S. 534, 537, 113 S.Ct. 933, 937 (1993); *United States v. Shivers,* 66 F.3d 938, 939 (8th Cir. 1995). Joint trials are favored because they "conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial." *United States v. Lane, supra*, 474 U.S. at 449, 106 S.Ct. at 732. A court must look to the defendant's showing that prejudice would result from joinder and consider whether such prejudice can be avoided at trial. In light of various curative options, "[r]arely, if ever will it be improper for co-conspirators to be tried together." *United States v. Stephenson,* 924 F.2d 753, 761 (8th Cir. 1991); *United States v. Drew,*

2

894 F.2d 965, 968 (8th Cir. 1990).[2] A court will permit severance only upon a showing of "real prejudice to an individual defendant." *United States v. Payton,* 636 F.3d 1027 1037 (8th Cir. 2011). To that end:

> Prejudice to the defendant must be both 'real' and 'clear'. . . . To satisfy the real prejudice standard, a defendant may show that his defense is irreconcilable with the defense of his codefendant or that the jury will be unable to compartmentalize the evidence as it relates to separate defendants. . . . The defendant carries a heavy burden in making this showing.

*Id.* (*citations and internal quotation marks omitted*).

Initially, Parker argues in his motion to sever that his role in the alleged conspiracy was only as an active participant in a minor aspect of the conspiracy and much of the evidence involving alleged overt acts do not involve him. However, the Eighth Circuit has found that mere minor participation in an alleged conspiracy is insufficient to justify severance. *United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008); *United States v. Willis*, 940 F.3d 1136, 1139 (8th Cir. 1991). Likewise, the Eighth Circuit has concluded that "[s]everance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *Payton*, 636 F.3d at 1037. Ultimately, "it will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." *United States v. Frazier*, 280 F.3d 835, 844 (8th Cir. 2002). This is not that rare case.

---

[2] In broad terms, severance is not required when the defendants may have a better chance of acquittal in separate trials [*Zafiro,* 506 U.S. at 540, 113 S.Ct. at 938], when the evidence against a co-defendant is more damaging [*United States v. Pou,* 953F.2d 363, 369 (8th Cir. 1992)], when one defendant's role in the conspiracy is minor [*United States v. Pecina,* 956 F.2d 186, 188 (1992)], when all of the evidence will not be admissible against all co-defendants [*United States v. Sparks,* 949 F.2d 1023, 1027 (8th Cir.1991)], when there is hostility among the defendants or one defendant may try to save himself at the expense of another [*United States v. Garrett,* 961 F.2d 743, 746 (8th Cir.1992)], or when there is anticipated exculpatory testimony of a co-defendant [*United States v. Foote,* 920 F.2d 1395, 1400 (8th Cir.1990)].

3

Secondly, Parker asserts that a joint trial would be prejudicial to him because the government may seek to introduce the statements of co-defendants who may not testify and therefore may not be subject to cross- examination, thus depriving Parker of his constitutional right to confront the witnesses against him.  The starting point for analyzing Parker's claim of prejudice in this situation is the Supreme Court's decision in *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620 (1968).  *Bruton* involved two defendants accused of participating in the same crime and tried jointly before the same jury.  One of the defendants had confessed prior to trial. The confession named and incriminated the other defendant. The trial court in *Bruton* issued a limiting instruction which told the jury it should consider the confession as evidence only against the co-defendant who had confessed and not against the co-defendant merely named in the confession.  Both defendants were convicted and the case appealed.  The *Bruton* court held that, despite the limiting instruction to the jury, the United States Constitution forbids the use of such a confession in the joint trial, stating:

> [T]here are some contexts in which the risk that the jury will not, or can not, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system can not be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial. Not only are the incriminations devastating to the defendant but their credibility is inevitably suspect . . . the unreliability of such evidence is intolerably compounded when the alleged accomplice, as here, does not testify and cannot be tested by cross examination.

*Bruton,* 391 U.S. at 135-136, 88 S.Ct. at 1627-28 (*citations omitted*).

Subsequently, the Supreme Court clarified and limited the breadth of *Bruton* in *Richardson v. Marsh,* 481 U.S. 200, 107 S.Ct. 1702 (1987).  In *Richardson*, two defendants were jointly for murder.  During the trial, the confession of one of the defendants was admitted into evidence.  Although the confession named the co-defendant, it was redacted so as to "omit all

4

reference to" the co-defendant. As redacted, the confession indicated that the confessing defendant and an unnamed third party discussed the murder in the front seat of a car in which they traveled to the victim's home. During the trial, however, the non-confessing defendant testified she was in the back seat of the subject car. As such, in that context, the confession could have helped convince the jury that the non-confessing defendant knew about the murder in advance and had knowingly participated.

The *Richardson* court held that this confession fell outside *Bruton*'s scope and was admissible (with appropriate limiting instructions) at the joint trial. The Supreme Court distinguished *Bruton* as a confession that was "incriminating on its face," while the confession at issue in *Richardson* amounted merely to "evidence requiring linkage" in that it became incriminating as to the non-confessing defendant "only when linked with evidence introduced later at trial." *Id.* at 204, 107 S.Ct. at 1705. The court specifically held that:

> [T]he Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.

*Id*. at 211, 107 S.Ct. at 1709.

In general, where a confession is redacted to refer to generic "persons" so as not to expressly implicate a defendant, the Confrontation Clause has not been violated. *United States v. Miller,* 995 F.2d 865, 867 (8th Cir. 1993) (confession redacted to refer to generic "persons in Minnesota"). However, in *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151 (1998), the Supreme Court reversed a conviction because a non-testifying co-defendant's statement was admitted after being redacted by substituting a blank or the word 'deleted' for the defendant's name. Thus, "notwithstanding cautionary instructions and neutral redactions, *Bruton* is violated when the fact

5

reference to" the co-defendant. As redacted, the confession indicated that the confessing defendant and an unnamed third party discussed the murder in the front seat of a car in which they traveled to the victim's home. During the trial, however, the non-confessing defendant testified she was in the back seat of the subject car. As such, in that context, the confession could have helped convince the jury that the non-confessing defendant knew about the murder in advance and had knowingly participated.

The *Richardson* court held that this confession fell outside *Bruton*'s scope and was admissible (with appropriate limiting instructions) at the joint trial. The Supreme Court distinguished *Bruton* as a confession that was "incriminating on its face," while the confession at issue in *Richardson* amounted merely to "evidence requiring linkage" in that it became incriminating as to the non-confessing defendant "only when linked with evidence introduced later at trial." *Id.* at 204, 107 S.Ct. at 1705. The court specifically held that:

> [T]he Confrontation Clause is not violated by the admission of a non-testifying co-defendant's confession with a proper limiting instruction when, as here, the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence.

*Id*. at 211, 107 S.Ct. at 1709.

In general, where a confession is redacted to refer to generic "persons" so as not to expressly implicate a defendant, the Confrontation Clause has not been violated. *United States v. Miller,* 995 F.2d 865, 867 (8th Cir. 1993) (confession redacted to refer to generic "persons in Minnesota"). However, in *Gray v. Maryland,* 523 U.S. 185, 118 S.Ct. 1151 (1998), the Supreme Court reversed a conviction because a non-testifying co-defendant's statement was admitted after being redacted by substituting a blank or the word 'deleted' for the defendant's name. Thus, "notwithstanding cautionary instructions and neutral redactions, *Bruton* is violated when the fact

that a statement had been redacted is so obvious as to lead the jury through ordinary inferences directly to a defendant." *United States v. Williams,* 429 F.3d 767, 773 (8th Cir. 2005). *See also Gray,* 523 U.S. at 194, 118 S.Ct. at 1156 (obvious indications of alteration are directly accusatory).

Turning to the facts in this case, the Court concludes that Parker has not established a need for severance. Parker has made no showing that appropriate redactions and limiting instructions would not operate to limit any prejudice to him. Moreover, Parker's assertion that statements of codefendants that **may** incriminate him **may** be introduced at trial and that he **may** not be able to exercise his right to cross examination with respect to the potential statements is too speculative to support further consideration of severance at this stage in the proceedings.

Parker has made no showing on the record before this Court of prejudice that would entitle him to a severance. The Court is aware of its continuing duty to grant a severance if and when prejudice becomes apparent, either before or during trial. Schaffer v. United States, 362 U.S. 511, 514-516 (1960); United States v. Engleman, 648 F.2d 478, 480 n.5 (8th Cir. 1981).

Accordingly, it is

**ORDERED** that the motion to sever filed on March 28, 2016, by defendant Douglas Parker [Doc. 92] is **DENIED**.

      */s/ John T. Maughmer*
      **John T. Maughmer**
      **United States Magistrate Judge**